■ HOWARD HAAS, as Guardian ad Litem of LINDA HAAS, an Infant, et al., Appellants, v. IDA B. ROTHENBERG, Doing Business under the Name of MOTHER GOOSE PLAY SCHOOL, et al., Respondents, et al., Defendant.— Motion to vacate and modify order of this court entered June 2, 1958 denied, with $10 costs. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ AARON HAMMER, Respondent, v. MEADOW BROOK NATIONAL BANK OF NASSAU COUNTY et al., Appellants, et al., Defendant. MEADOW BROOK NATIONAL BANK OF NASSAU COUNTY, Respondent, v. JULIAN ETTINGER, Appellant.— Motion to dismiss appeals granted, without costs, and appeals dismissed. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ GEORGE BERESWILL, Respondent, v. PHILIP A. YABLON et al., Appellants. — In an action by a real estate broker to recover damages for conspiracy to deprive him of a commission, alleged to have been earned on a sale of real property, against Esbar Realty Corp., the vendee, Philip A. Yablon, its sole stockholder, and Samuel Fisher, the broker who consummated the sale to Esbar, the appeal is from a judgment of the City Court of Mount Vernon entered after trial before the court without a jury in favor of the plaintiff against all the defendants for $4,737.50 plus interest of $693.22 from July 15, 1955 and costs of $128.75, making a total of $5,559.47. Judgment insofar as it is in favor of respondent against appellant Fisher reversed on the law and the facts, without costs, action severed, and amended complaint dismissed. Judgment insofar as it is in favor of respondent against appellants Yablon and Esbar Realty Corp. modified on the law and the facts by reducing the recovery to $4,500 plus interest from July 15, 1955 and costs. As so modified, judgment affirmed, without costs. The findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the proof does not establish that Fisher knew of respondent's rights or conspired to violate them. Under the circumstances in this case, the award of damages against the other appellants should have been 5% of $90,000, or $4,500, rather than 5% of $94,750. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., concurs in the reversal of the judgment, dismissal of the complaint, and the severance of the action against appellant Fisher, but dissents from the affirmance of the judgment as modified against appellants Yablon and Esbar Realty Corp., and votes to reverse the judgment and to dismiss the complaint as to those appellants, being of the opinion that the evidence is insufficient to establish, against any of the appellants, interference with respondent's contract rights which deprived him of any commission which he had earned or would have earned.